IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

| | |
|---|---|
| (1) JACK SWEET, AND <br> (2) MARGARET SWEET, <br><br> Plaintiffs, <br><br> v. <br><br> (1) BED BATH & BEYOND INC., <br> (2) ALLSTAR MARKETING GROUP, LLC, D/B/A ALLSTAR PRODUCTS GROUP, LLC, <br> (3) Ste. Michelle Wine Estates Ltd., d/b/a Chateau Ste. Michelle, <br> (4) Ste. Michelle International Ltd., <br> (5) Walgreens Co., <br><br> Defendants. | Case No. 21-cv-00358-TCK-JFJ <br><br> **ATTORNEY LIEN CLAIMED** <br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiffs Jack Sweet and Margaret Sweet, by and through counsel of record, Richardson Richardson Boudreaux PLLC, and hereby submits this Complaint against Defendants, and informs the Court as follows:

### NATURE OF ACTION

1. Plaintiff, Margaret Sweet, at all times relevant to the claims alleged herein, resided in Tulsa County, Oklahoma and is a resident of Tulsa County, Oklahoma.

2. Plaintiff, Jack Sweet, at all times relevant to the claims alleged herein, resided in Tulsa County, Oklahoma and is a resident of Tulsa County, Oklahoma.

1

3. Bed Bath & Beyond Inc. is a foreign for profit corporation doing business in the State of Oklahoma, is located in Tulsa County, and may be served via its registered agent, The Prentice-Hall Corporation, 10300 Greenbriar Place, Oklahoma City, OK 73159.

4. Allstar Marketing Group, LLC, d/b/a/ Allstar Products Group, LLC (hereinafter "Allstar") is a foreign limited liability company doing business in the State of Oklahoma, and regularly engaging in tortious conduct in the State of Oklahoma, and may be served via its registered agent, at The LLC, at 2 Skyline Drive, Hawthorne, New York 10532.

5. Ste. Michelle Wine Estates Ltd., d/b/a Chateau Ste. Michelle (hereinafter "Chateau") is a foreign entity doing business in the State of Oklahoma, and regularly engaging in tortious conduct in the State of Oklahoma, and may be served via its registered agent, at Capitol Corporate Services, Inc., 1780 Barnes Boulevard SW, Tumwater, WA, 98512.

6. Ste. Michelle International Ltd. is a foreign for-profit corporation doing business in the State of Oklahoma, and regularly engaging in tortious conduct in the State of Oklahoma, and may be served via its registered agent, at Capitol Corporate Services, Inc., 1780 Barnes Boulevard SW, Tumwater, WA, 98512.

7. Walgreens Co. (hereinafter "Walgreens") is a foreign for-profit corporation doing business in the State of Oklahoma, organized under the laws of Illinois and headquartered in Deerfield, Illinois, and may be properly served by serving summons to its registered agent, The Prentice-Hall Corporation, at 10300 Greenbriar Place, Oklahoma City, OK, 73159.

8. Jurisdiction is proper in the District Court for Tulsa County, State of Oklahoma, as the parties are all residents of or do business in the State of Oklahoma and the amount in controversy exceeds $75,000.

9.  Venue is proper in Northern District of Oklahoma, as this is a jurisdiction in which one or more of the Defendants reside and/or may be served. In addition, one or more of the acts giving rise to this litigation occurred in Tulsa County, Oklahoma.

## STATEMENT OF OPERATIVE FACTS

10. Plaintiffs incorporate the paragraphs above as though stated verbatim below.

11. Plaintiffs purchased a VINO POP wine opener for $19.99 on December 17, 2017, from Bed Bath & Beyond located at 10011 East 71st Street, Tulsa, OK 74133.

12. Allstar Products Group, LLC sold and distributed said VINO POP that Plaintiffs purchased.

13. Plaintiffs also bought a Chateau Ste. Michelle bottle of wine, that was cellared and bottled by Ste. Michelle Wine Estates Ltd. d/b/a Chateau Ste. Michelle and/or Ste. Michelle International Ltd. (collectively known as "Chateau), on or around August 9, 2020 from Walgreens at 1150 South Garnett Road, Tulsa, OK 74128.

14. On March 12, 2020, Plaintiff Margaret Sweet was using the VINO POP that Plaintiffs has purchased from Bed Bath & Beyond in the manner it was supposed to be used and in accordance with the product instructions, to open/store/preserve a bottle of wine of Chateau Ste. Michelle.

15. On that date, as Plaintiff Margaret Sweet was utilizing the product to preserve the bottle of wine, the bottle of wine exploded in her hand, causing substantial injuries that required immediate medical attention.

16. Defendant Allstar continued to manufacture, distribute, and sell its product, VINO POP, even though a product substantially the same in operation was recalled by the United States Consumer Product Safety Commission (hereinafter "USCPSC") on March 9,

3

2011, for the risk of laceration hazard due to the product breaking while the opener was being used on a bottle.

17. Defendant Bed Bath & Beyond continued to distribute and sell the VINO POP even though a product substantially the same was recalled by the USCPSC as mentioned above.

18. Defendant Chateau manufactured, distributed and sold its product in an unreasonably dangerous condition in that Chateau used products and materials unfit for use with commercially available products like VINO POP that Defendant knew were being used with its wine.

### FIRST CAUSE OF ACTION: NEGLIGENCE
### (BED BATH & BEYOND AND ALLSTAR)

19. Plaintiffs incorporate the paragraphs above as though stated verbatim below.

20. Defendant Bed Bath & Beyond and Defendant Allstar were negligent in that they:

　　a. Failed to properly and reasonably inspect said VINO POP;

　　b. Failed to properly and reasonably warn Plaintiffs;

　　c. Permitted unreasonably dangerous and defective VINO POPs to be distributed and sold.

21. Defendant Allstar was negligent in that they:

　　a. Failed to properly test and inspect its product;

　　b. Failed to properly design its product;

　　c. Failed to design its product to keep VINO POPs from exploding a bottle of wine while using;

　　d. Failed to properly manufacture said VINO POP;

　　e. Failed to warn purchasers and users of its product of a potential defect;

4

 f. Used inadequate materials in the product;

 g. Negligently misrepresented that its product was safe for use herein alleged;

 h. Failed to properly construct said VINO POP in accordance with national standards.

22. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries, and Plaintiffs suffered other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

<b>SECOND CAUSE OF ACTION: NEGLIGENCE<br>(THE CHATEAU AND WALGREENS)</b>

23. Plaintiffs incorporate the paragraphs above as though stated verbatim below.

24. The Chateau was negligent in that it:

 a. Failed to properly and reasonably inspect said bottle of wine;

 b. Failed to properly and reasonably warn Plaintiffs;

 c. Failed to properly manufacture said bottle of wine;

 d. Failed to design the bottle of wine to prevent explosions;

 e. Failed to properly test and inspect its product;

 f. Failed to warn purchasers and users of its product of a potential defect;

 g. Used inadequate materials in the product;

 h. Negligently misrepresented that its product was safe for use herein alleged;

 i. Failed to properly construct said bottle of wine in accordance with national standards.

 j. Permitted unreasonably dangerous and defective bottle of wine to be distributed

5

and sold.

25. Walgreens was negligent in that it:

   a. Failed to properly and reasonably inspect said VINO POP;

   b. Failed to properly and reasonably warn Plaintiffs;

   c. Permitted unreasonably dangerous and defective VINO POPs to be distributed and sold.

26. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

## THIRD CAUSE OF ACTION:
## BREACH OF WARRANTY
## (BED BATH & BEYOND AND ALLSTAR)

27. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

28. Defendant Bed Bath & Beyond and Defendant Allstar supplied the VINO POPs to various retail outlets in Oklahoma and Defendants breached the express and implied warranty of merchantability of the product to the detriment of the ultimate consumers of the products, such as Plaintiffs, that its VINO POPs were merchantable, safe, and in proper condition for ordinary use and use as the instructions identified.

29. Moreover, Defendants breached the implied and express warranty of fitness of their products by supplying defective VINO POPS that were not safe, suitable or fit to be used in their ordinary and intended use.

30. Defendants breached their duty to design and manufacture VINO POP that was reasonably safe to the ultimate consumer, particularly Plaintiffs, and knew or should have known that their product was unsafe for its normal and intended use.

31. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret Sweet suffered serious personal injuries, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

**FOURTH CAUSE OF ACTION:**
**BREACH OF WARRANTY**
**(THE CHATEAU AND WALGREENS)**

32. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

33. Defendant Chateau and Defendant Walgreens supplied the bottles of wine to various retail outlets in Oklahoma and Defendants breached the express and implied warranty of merchantability of its product to the attention of the ultimate consumers of its products, such as Plaintiffs, that its bottles of wine were merchantable, safe, and in proper condition for ordinary use.

34. Moreover, Defendants breached their implied and express warranty of fitness of its products by supplying defective bottles of wine that were not safe, suitable or fit to be used in its ordinary and intended use, in which the bottles of wine could not withhold as much pressure as they are intended to.

35. Defendants breached their duty to design and manufacture bottles of wine that was reasonably safe to the ultimate consumer, particularly Plaintiffs, and knew or should have known that its product was unsafe for its normal and intended use.

36. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries, death, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

### FIFTH CAUSE OF ACTION:
### LOSS OF CONSORTIUM

37. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

38. Plaintiff Jack Sweet was married to Plaintiff Margaret Sweet at all times relevant to these proceedings.

39. Plaintiff Jack Sweet and Plaintiff Margaret Sweet remain married at the time of filing this *Complaint*.

40. Plaintiff Jack Sweet has suffered significant injuries as a result of Defendants' actions and omissions as described in the above-named claims for relief, for which she is entitled to recover damages.

41. Plaintiff Jack Sweet has suffered a loss of the services, society, comfort, comfort, companionship, and marital relationship with Margaret Sweet as a direct and proximate result of the injuries suffered by Plaintiff Margaret Sweet for which Defendants are responsible in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### SIXTH CAUSE OF ACTION:
### STRICT LIABILITY – FAILURE TO WARN
### (BED BATH & BEYOND AND ALLSTAR)

42. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

43. At all times herein mentioned, Defendants Allstar and Bed Bad & Beyond

8

designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, the VINO POP and/or its component parts.

44. Defendants manufactured, designed, and/or sold VINO POP and its component parts to the public, knowing that VINO POP would be purchased or used without inspection for defects by the general public, including Plaintiff.

45. The reasonably foreseeable use of the products exposes users and their property to risks of explosion and/or other damage, that were known and knowable in light of scientific knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and sale.

46. The potential risks as alleged present a substantial danger when the product is used or misused in an intended and reasonably foreseeable way.

47. Ordinary consumers, including Plaintiffs, would not have recognized the potential risks associated with intended and reasonably foreseeable use of the products.

48. Plaintiffs were not aware of the aforementioned risks at any time regarding the products prior to the manifestation of Plaintiffs' injuries and damages.

49. Defendants failed to warn and/or instruct consumers, including Plaintiffs, of the substantial dangers, including but not limited to explosion and other damage, associated with intended and reasonably foreseeable use of the products.

50. The lack of sufficient warnings and/or instructions concerning the substantial risks as alleged herein were a substantial factor in causing Plaintiffs' injuries and damages.

51. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries,

death, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

## SEVENTH CAUSE OF ACTION:
## STRICT LIABILITY – DESIGN DEFECT
## (BED BATH & BEYOND AND ALLSTAR)

52. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

53. The products did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended and reasonably foreseeable way.

54. The intended and reasonably foreseeable use of the products exposes users to substantially dangerous risks of explosion and other damages.

55. The risk in the design of the products outweigh significantly any benefits from such design

56. The products' failure to perform safely was a substantial factor in causing Plaintiffs' injuries and damages.

57. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries, death, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

## EIGHTH CAUSE OF ACTION:
## STRICT LIABILITY – FAILURE TO WARN
## (THE CHATEAU AND WALGREENS)

58. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

59. At all times herein mentioned, Defendants Chateau and Walgreens designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, the wine/glass wine bottle and/or its component parts.

60. Defendants manufactured, designed, and/or sold wine/glass bottle and its component parts to the public, knowing that wine/glass bottle would be purchased or used without inspection for defects by the general public, including Plaintiff.

61. The reasonably foreseeable use of the products exposes users and their property to risks of explosion and/or other damage, that were known and knowable in light of scientific knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and sale.

62. The potential risks as alleged present a substantial danger when the product is used or misused in an intended and reasonably foreseeable way.

63. Ordinary consumers, including Plaintiffs, would not have recognized the potential risks associated with intended and reasonably foreseeable use of the products.

64. Plaintiffs were not aware of the aforementioned risks at any time regarding the products prior to the manifestation of Plaintiffs' injuries and damages.

65. Defendants failed to warn and/or instruct consumers, including Plaintiffs, of the substantial dangers, including but not limited to explosion and other damage, associated with intended and reasonably foreseeable use of the products.

66. The lack of sufficient warnings and/or instructions concerning the substantial risks as alleged herein were a substantial factor in causing Plaintiffs' injuries and damages.

67. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries, death, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

**NINTH CAUSE OF ACTION:**
**STRICT LIABILITY – DESIGN DEFECT**
**(THE CHATEAU AND WALGREENS)**

68. Plaintiffs incorporate the above paragraphs as though stated below verbatim.

69. The products did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended and reasonably foreseeable way.

70. The intended and reasonably foreseeable use of the products exposes users to substantially dangerous risks of explosion and other damages.

71. The risk in the design of the products outweigh significantly any benefits from such design

72. The products' failure to perform safely was a substantial factor in causing Plaintiffs' injuries and damages.

73. As a direct and proximate result of Defendants' willful, wanton and gross negligence and disregard for Plaintiffs, Plaintiff Margaret suffered serious personal injuries, death, and Plaintiffs sustained other personal and financial damages, pain and suffering, and loss of enjoyment of life, for which Plaintiffs seek damages in an amount in excess of Seventy-Five Thousand Dollars. ($75,000.00).

**PUNITIVE AND EXEMPLARY DAMAGES**

74. Plaintiffs incorporate the above paragraphs herein as if fully set forth verbatim.

75. The acts and omissions of Defendants, as set forth within the preceding paragraphs, demonstrate that Defendants engaged in conduct evincing reckless indifference to Plaintiffs' rights.

76. As a direct result of Defendants' malice and/or reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined by a jury, commensurate with the financial resources available to Defendants and sufficient to deter others who are similarly situated from like behavior.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Jack Sweet and Margaret Sweet, request that this Court grant to them relief in the form of compensatory damages against Defendants in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 and grant them any and all further relief that this Court deems appropriate, including interest, attorneys' fees and costs. Plaintiffs further request punitive and exemplary damages, in an amount sufficient to punish Defendants and deter such reckless conduct in the future.

Respectfully submitted,

*s/ Charles L. Richardson*
Charles L. Richardson, OBA No. 13388
Jason C. Messenger, OBA No. 19887
Colton L. Richardson, OBA No. 33767
**Richardson Richardson Boudreaux PLLC**
7447 S. Lewis Ave.
Tulsa, OK 74136
(918) 492-7674 Phone
*Attorneys for Plaintiffs*

14

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**